

FILED
JAN 2 5 2008
CLERK

THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

RAVEN INDUSTRIES, INC.,   Civ. 08-4012

    Plaintiff,

v.   **COMPLAINT**

FIRAN TECHNOLOGY GROUP
CORPORATION,

    Defendant.

---

Plaintiff Raven Industries, Inc., by and through its attorneys of record, Boyce Greenfield, Pashby & Welk, L.L.P., and for its claims and causes of action against the above-named Defendant, states and alleges as follows:

1. Plaintiff Raven Industries, Inc. (hereinafter referred to as "Raven"), is a corporation authorized and existing under the laws of the State of South Dakota with its principal place of business in the City of Sioux Falls, Minnehaha County, State of South Dakota.

2. Upon information and belief, Firan Technology Group Corporation (hereinafter referred to as "FTG"), is a foreign corporation organized and existing under the laws of Canada, with its principal place of business at Toronto, Ontario, Canada.

3. Jurisdiction is proper in this Court pursuant to U.S.C. § 1332(a)(2). Venue is proper in this Court pursuant to U.S.C. § 1391(a) and (d). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. FTG transacts business within the State of South Dakota and has otherwise purposefully availed itself of the benefits and privileges of the State of South Dakota, thereby submitting to the jurisdiction of the State of South Dakota and to this Court.

## FACTS

6. Raven, in the normal course of its business operations, assembles printed circuit card assemblies for specific customer applications.

7. In 2005 and into 2006, Raven, in the normal course of its business operations, entered into a contract with FTG for the manufacture and sale to Raven of various printed circuit cards that Raven would further assemble for specific customer applications for eventual sale to third party customers.

8. FTG, pursuant to said contract, sent the printed circuit cards to Raven at Sioux Falls, South Dakota.

9. The printed circuit cards Raven received from FTG were defective and non-conforming as they contained, *inter alia*, loose-plating slivers on the surface of the printed circuit cards.

10. The slivers interfered with the electrical performance of the printed circuit cards and caused electrical shorts in the electrical system of cards, thereby causing a multitude of electrical and performance failures.

11. Upon information and belief, the slivers were caused by, *inter alia*, insufficient nickel thickness to prevent overhangs that became detached during assembly of the printed circuit cards.

12. After receipt of the printed circuit cards from FTG, Raven became aware from its customers that the cards were failing to perform as promised, warranted and contracted by FTG and in accordance with the contract specifications.

13. Raven communicated the printed circuit cards' faults and defects to FTG. FTG acknowledged that the printed circuit cards were defective.

## COUNT I
## BREACH OF CONTRACT

14. Plaintiff hereby realleges paragraphs 1-13 and all paragraphs previously alleged and incorporate them as if fully set forth herein.

2

15. In 2005 and early 2006, Raven and FTG entered into a contract for the purchase of printed circuit cards, said items to conform to the specifications and details as set forth in Raven's purchase order.

16. After Raven's receipt of the items in Sioux Falls, South Dakota, latent defects in the printed circuit cards' performance appeared via complaints from Raven's customers, with slivers appearing and occurring on and within the printed circuit cards that interfered with the electrical performance of the cards that inhibited their overall performance and usefulness.

17. Raven communicated the printed circuit cards' deficiencies to FTG and provided due notice thereof to FTG.

18. The insufficient thickness of the nickel and other related problems that allowed slivers to occur, thereby compromising the electrical and overall performance of the printed circuit cards, is a material breach of the parties' contract.

19. As a direct and proximate result of FTG's breach of the parties' contract, Raven has incurred damages, including incidental and consequential damages, all in an amount to be proven at trial and which is expected to exceed $285,000.

## COUNT II
## IMPLIED WARRANTY OF MERCHANTIBILITY

20. Plaintiff hereby realleges paragraphs 1-19 and all previous paragraphs and incorporates them as if fully set forth herein.

21. Raven's contract with FTG included an implied warranty that the printed circuit cards would pass without objection in the trade under the contract description, and that the printed circuit cards would be fit for the ordinary purposes for which the cards were to be used, said purposes clearly and affirmatively communicated to FTG by Raven prior to the execution of the contract and which became a basis for the contract.

22. The printed circuit cards supplied by FTG to Raven in conjunction with their contract failed to pass without objection in the trade under the contract description, and failed to be fit for the ordinary purposes for which the cards were to be used by Raven, thereby breaching the implied warranty of merchantability.

23. As a direct and proximate result of FTG's breach of the implied warranty of merchantability, Raven is entitled to damages pursuant to SDCL 57A-2-714(2), plus incidental and consequential damages, all in an amount to be proven at trial, and which is expected to exceed $285,000.

## COUNT III
## IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

24. Plaintiff hereby realleges paragraphs 1-23 and all previous paragraphs and incorporates them as if fully set forth herein.

25. Raven's contract with FTG included an implied warranty that the printed circuit cards would be fit for the particular purposes that Raven had previously discussed with FTG and which, at the time of entering into the contract, FTG was aware of, and further knew that Raven was relying upon FTG's skill and/or judgment to select and/or furnish printed circuit cards to satisfy Raven's communicated needs and purposes.

26. The printed circuit cards supplied by FTG to Raven in conjunction with their contract failed to be fit for the particular purposes of Raven, and of which FTG knew of prior to and at the time of contracting, thereby breaching the implied warranty of fitness for a particular purpose.

27. As a direct and proximate result of FTG's breach of the implied warranty of fitness for a particular purpose, Raven is entitled to damages pursuant to SDCL 57A-2-714(2), plus incidental and consequential damages, all in an amount to be proven at trial, which is expected to exceed $285,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

(1) For compensatory, general, and special damages in an amount to be determined by the jury to compensate Plaintiff for Defendant's breach of contract and breach of implied warranties;

(2) For incidental and consequential damages, and all other proximate damages, caused by Defendant's breach of contract and breach of implied warranties;

(3) For Plaintiff's costs and disbursements herein;

(4) For prejudgment and post-judgment interest; and

(5) For such further relief as the Court deems proper, including Plaintiff's attorneys' fees and costs of this action.

Dated this 25th day of January, 2008

_____
Gary J. Pashby
Michael F. Tobin
BOYCE, GREENFIELD, PASHBY &
  WELK, L.L.P.
101 North Phillips Avenue Suite 600
P.O. Box 5015
Sioux Falls, SD  57117-5015
(605) 336-2424
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.